Edgerton, C. J.
This was an action brought in the Second Judicial District Court for the county of Yankton to reform and foreclose a mortgage on certain real estate, which mortgage was made and executed by Elizabeth Wambole, together with the defendant, Charles Wambole, her husband^ to the plaintiff, to secure *186 the payment of a promissory note máde by the mortgagors, of that date, to the plaintiff. The complaint further alleges- dnter alico, that there was a mistake in the description in the mortgage; and that “on the 21st day of December, 1879, the said Elizabeth “ Wambole died intestate; that the defendants are sole heirs of “ said deceased, and have succeeded to the estate and interest of “ said Elizabeth Wambole in said mortgaged premises, and are “ now the owners and holders thereof, and that no other person “ has, or claims to have, any title or interest in or to the same, to “ the knowledge of this plaintiff; that said defendants, Josephine “ Wambole, Elizabeth Wambole and James Arthur Wambole, are “ minors; that on the 3d day'of May, 1880, the defendant, Charles “ Wambole, was duly appointed guardian of the persons and estates “ of said minor heirs of said Elizabeth Wambole, 'deceased.”
And the plaintiff further states, “ That the said Elizabeth Wain- “ bole, deceased, did not in her life time, nor has the defendant, “ Charles Wambole, or the heirs of said deceased, or any or either “ of them, complied with the conditions of said mortgage, or note, “ by paying the said sum of twenty-two hundred dollars, with “ interest, as therein specified, which became due and payable on “ the 25th day of August, 1879; but that the whole remains due *“ and unpaid.”
“ The plaintiff therefore demands judgment:
“ 1st. — That .said mortgage may be reformed and the description “ amended as aforesaid.
“ 2nd. — For the amount of principal and interest whieh may be “ found due to the plaintiff on said note and mortgage at the date “ of such judgment, and costs and expenses of this action.”
“ And the defendants and all persons claiming under them, subse- “ quent to the commencement of this action, may be barred and “ foreclosed of all right, claim and equity of redemption in the said “ mortgaged premises and every part thereof; that the said premises *187 ££ may be decreed to be sold according to law; that out of the mon-£c eys arising from the Bale the plaintiff may be paid the amount ££ adjudged to be due him on said note and mortgage, with interest ££ to the time of sueh payment, and costs and expenses of sale, so far £-£ as the amount of such moneys, properly applicable thereto, will ££ pay the same; and that the defendant, Charles Wambole, may be £‘ adjudged to pay any deficiency which may remain after applying ££ all of said moneys so applicable thereto; and that the plaintiff ££ may have such other and further relief in the premises as shall ££ be just and equitable.”
To this complaint the defendants demurred. The demurrer was brought on for a hearing, and the Court—
££ Ordered, That said demurrer be sustained, and that said de- £< fendants have judgment thereon with costs;” and judgment was thereupon entered in favor of defendants and against the plaintiff.
It is admitted that the demurrer should have been overruled in this case, provided the complaint states a cause of action against any one of the defendants.
The complaint alleges that the defendant, Charles Wambole, was one of the makers of the mortgage, and also one of the makers of the promissory note which the mortgage was given to secure. 9
By the Civil Code of the territory, whatever interest or estate in the property described in the mortgage, or any portion of the same, the defendant, Charles Wambole, had in his own right at the time this suit was brought, whether acquired before or after the mortgage was given, was subject to this mortgage, and could be foreclosed. Sufficient appears by the complaint, if true, to show that this defendant had such an interest or estate in the lands mortgaged at the time this suit was commenced.
And again, the complaint further shows the defendant, Charles Wambole, was one of the makers of the note, and consequently was liable thereoh.
*188 The defendant, Charles Wambole, at least, is not in a situation to demur to this complaint. It is therefore unnecessary to review or pass upon the other questions presented on this appeal.
The judgment of the District Court is reversed and the case remanded.
All the Justices concurring.